# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| Bradley Bailey, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:15-cv-0032-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| Homeowner Association Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendant Homeowner Association Services, Inc. *Pro se* Plaintiff Bradley Bailey filed a Response, (ECF No. 10), to which Defendant replied, (ECF No. 11). Plaintiff subsequently filed a Surreply without leave from the Court, (ECF No. 12).

## I.   BACKGROUND

This case arises out of Defendant's alleged attempt to collect a debt from Plaintiff.[1] Specifically Plaintiff claims to have received a letter from Defendant on August 1, 2014, which requested payment upon a debt of which Plaintiff lacked "specific knowledge." (Compl. ¶ 6, ECF No. 1). The Complaint states that Plaintiff sent a letter to Defendant on September 8, 2014, requesting validation of the debt pursuant to 15 U.S.C. § 1692g, to which Defendant never responded. (*Id.* at ¶ 7). Since that time, Plaintiff alleges that Defendant has engaged in "erroneous credit reporting," which has caused damage to Plaintiff's consumer credit reports. (*Id.* at ¶¶ 20, 24). Plaintiff also alleges that "Defendant negligently, wantonly, and/or

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Furthermore, though Plaintiff's Surreply was filed without leave, the Court considered the arguments contained therein, due to Plaintiff's *pro se* status.

intentionally hired, trained, retained, or supervised incompetent debt collectors in Defendant Company whom were allowed, or encouraged to violate the law as was done to the Plaintiff." (*Id.* at ¶ 15).

Based on these allegations, Plaintiff filed the instant action this Court on January 7, 2015. The Complaint sets forth causes of action for (1) "negligent, wanton and/or intentional hiring supervision of incompetent employees" and (2) violations of Section 1692g of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at ¶¶ 17-29).

In the instant Motion, Defendant requests that the Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant

to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   <u>DISCUSSION</u>

Defendant argues that the Court should dismiss each of Plaintiff's causes of action for failing to state a claim upon which relief can be granted.  The Court will address each of Plaintiff's claims in turn.

### A.   Negligent Hiring Training and Supervision

"To state a claim for negligent training and supervision in Nevada, [a Plaintiff] must show (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation."  *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013) (internal quotation omitted).

In the instant case, rather than providing factual allegations indicating that Defendant negligently supervised its employees, the Complaint merely relies on unsupported speculation and conclusory statements such as, "Defendant knew and approves of its incompetent employees and agents, attorney debt collectors, and debt collection against the Plaintiff." (Compl. ¶ 14-16).  Such statements fail to raise a plausible inference that Defendant is liable for the alleged misconduct, and therefore the claim will be dismissed.

### B.   Violations of the Fair Debt Collection Practices Act

The FDCPA is "a broad remedial statute designed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State

action to protect consumers against debt collection abuses." *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1062 (9th Cir. 2011) (internal quotation omitted). "Section 1692g(b) of the [FDCPA] requires a debt collector, who receives from a consumer written notice disputing a debt, to cease collection of the debt directly from the consumer until it has obtained either verification of the debt or a copy of a judgment and provided it to the consumer." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

In this case, it appears that Plaintiff is alleging that he sent a written notice disputing the alleged debt on September 8, 2014. (Compl. at ¶ 7). However, Plaintiff fails to allege that he received any subsequent debt collection notices from Defendant, or that the Defendant made any further communications whatsoever requesting that Plaintiff pay the alleged debt. Therefore, Court finds that the allegations in the Complaint fail to raise a plausible inference that Defendant violated Section 1692g of the FDCPA. Accordingly, Defendant's Motion to Dismiss will be granted as to this claim.[2]

Because the Court is not certain that Plaintiff could not set forth sufficient allegations to raise plausible claims for relief, the Complaint will be dismissed without prejudice. If Plaintiff wishes to file an Amended Complaint, he must clearly set forth the factual allegations that give rise to his claims. The Court admonishes Plaintiff that if his Amended Complaint fails to adhere to the standards set forth in *Twombly* and *Iqbal*, his claims may be dismissed with prejudice.

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED**.

---

[2] The Complaint, without elaborating, also lists Sections 1692d, 1692f, 1692f(1), and 1692f(6) of the FDCPA as additional provisions that Defendant has violated. (Compl. ¶ 21). It is unclear whether Plaintiff intended to assert additional claims for relief under these sections; however, as these allegations amounts to nothing more than a series of unsupported legal conclusions, they are properly dismissed pursuant to Rule 12(b)(6).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **May 29, 2015**, to file an Amended Complaint in this action.  Failure to do so by this deadline will result in **DISMISSAL** of Plaintiff's claims **with prejudice**.

**DATED** this 29th day of April, 2015.

_____

Gloria M. Navarro, Chief Judge
United States District Court